O’Neall, J.
the opinion of the Court.
In this case the grounds taken for new trial need no comment : the explanation given of them by the report is perfectly satisfactory. The ground for non-suit, which questions the sufficiency of the plaintiff’s declaration to support this action, is all which will be considered. Indeed, to that alone was addressed the argument of the defendant’s counsel. If it be true that the statement made in it does not set out any sufficient cause of action, then I am prepared to say that the objection is as good a ground of non-suit, as it would be in arrest of judgment. — 2 Tidd’s Practice, 867.
In setting out the preliminary matter to which the colloquium was to apply, and which was to make apparent the criminal accusation supposed to be made against the plaintiff by the defendant, it is stated, “a certain capias ad satisfaci-endum had been issued by one Alexander H. Chambers against the said plaintiff, upon a certain decree obtained against the said plaintiff, by the said Chambers, in the Court *40 of Common Pleas held in and for the District aforesaid; under which said capias ad satisfaciendum said plaintiff had filed a petition, praying for the benefit of the Acts of the General Assembly of the State aforesaid, commonly called the prison bounds Acts, accompanied with a schedule-of the goods, chattels and effects of the said plaintiff, regularly sworn to by said plaintiff, before one-, acting-, of the District aforesaid, &c.
There is no doubt that the blanks in this statement were good cause of special demurrer; but as such, the defendant’s counsel, both impliedly and expressly, waived them, by pleading the general issue, and by his agreement with the plaintiff’s attorney, as he stated it in Court. The point now made, and very well argued by him, is whether the preliminary matter, thus stated, is not radically defective, inasmuch as it does not set out such a legal false swearing of which perjury could be assigned. I have no doubt that it is not necessary to so charge and state the false swearing, in the preliminary part of a declaration, as would be necessary in an indictment for perjury. Still, enough ought to appear, in words or by legal intendment, to shew “ an oath in a court of justice.”— After verdict, any statement from which the legal inference would arise, that to sustain the statement made, proof of such “oath in a court of justice,” must have been made, in order to have enabled the plaintiff to so have recovered, will be enough. — 1 Tidd’s Practice, 451; 2 Tidd’s Practice, 219.— There is no doubt, from the statement made, that the plaintiff, in support of it. must have shown his arrest by the ca. sa. mentioned, his application for the benefit of the prison bounds Acts, the filing of his schedule, legally sworn to before the proper officer. If this were done, and of it the defendant said the plaintiff had sworn falsely, then by such charge the crime of perjury would be imputed, and the action of slander would well lie. The words “regularly sworn to” are, perhaps, equivalent to “legitima modo et formap and if so, they would be sufficient. For then every thing would be considered as done, which the law demands and enjoins to be done on such an occasion. After verdict it is only necessary to read the declaration, with every implication and inference which can arise by or from the words used; and if, on so reading it, the plaintiff’s case is sufficiently stated, it will be sufficient. Thus testing the plaintiff’s declaration, it seems to me that the oath to which the defendant’s words refer, is sufficiently shown to have been on a legal occasion, and properly administered, and hence, that out of it peijury might *41 have arisen. This is enough for the plaintiff. The motions are dismissed.
EvaNs, J. Wardlaw, J. Feost, X and Withers, X concurred.
.RichardsON, X dissented.

Motions dismissed.